UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRIMAN INDUSTRIES, INC., <br><br> Plaintiff/Counterdefendant, <br><br> v. <br><br> PENTAGON 2000 SOFTWARE, INC., <br><br> Defendant/Counterclaimant. | Civil No. 14-5842 (NLH/AMD) <br><br> **MEMORANDUM OPINION & ORDER** |

**APPEARANCES**:

DENNIS P. MCCOOE
WILL JONATHAN ROSENZWEIG
BLANK ROME LLP
ONE LOGAN SQUARE
PHILADELPHIA, PA 19103
    On behalf of plaintiff

FREDRIC PAUL GALLIN
METHFESSEL & WERBEL, PC
3 ETHEL ROAD
SUITE 300
PO BOX 3012
EDISON, NJ 08818-3012
    On behalf of defendants

**HILLMAN**, District Judge

    This matter having come before the Court on the motion of plaintiff/counterdefendant, Triman Industries, Inc., to dismiss the counterclaims lodged against it by defendant/counterclaimant, Pentagon 2000 Software, Inc.; and

    According to Triman's complaint,[1] Triman is full-service

---

[1] Pentagon removed Triman's case to this Court pursuant to 28 U.S.C. §§ 1441 and 1446, stating that this Court's subject matter jurisdiction over the matter is pursuant to 28 U.S.C. §

distributor and worldwide provider of Military, Aerospace, and Commercial components.  In 2012 and 2013, Triman identified Pentagon as a software company that could provide software and customer services that would complement the products and services Triman licensed from American Logistics Information Corp. ("ALI"), a company with which Triman has enjoyed a long-standing and critical business relationship.  On January 8, 2014, Triman and Pentagon entered into a Computer Software Program License Agreement (the "License Agreement").  Triman alleges that Pentagon's subsequent purchase of SOS, a competitor to ALI, caused ALI to terminate its business dealings with Triman and Pentagon, and that Pentagon knew or should have known that termination would result from such a purchase.  Triman alleges that Pentagon's actions were in violation of Section 1.2.1 of the License Agreement, which provides that Pentagon's license to Triman was "for purposes of serving [Triman's] business," rather than to disrupt Triman's existing business operations.  Triman alleges that Pentagon's purchase of SOS was incompatible with providing its software to Triman for purposes of serving Triman's business, and that

---

1332, because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and it is between citizens of different states.  Triman is a New Jersey corporation, with its principal place of business in West Berlin, New Jersey, and Pentagon is a New York corporation, with its principal place of business in New York, New York.

2

therefore Pentagon had materially breached the License Agreement and acted in violation of the covenant of good faith and fair dealing; and

    Triman having asserted claims against Pentagon for breach of the License Agreement, breach of the covenant of good faith and fair dealing, and for rescission of the License Agreement under the frustration of purpose doctrine; and

    Pentagon having answered Triman's complaint, and having filed two counterclaims against Triman; and

    Pentagon alleging in its first counterclaim:

>    1. Pentagon expended time and resources in providing services to Triman.
>    2. The purposes of same was to enter into a license agreement which was to run for 5 years.
>    3. Triman has ceased making required payments pursuant to the license agreement.
>    4. Triman continues to use and/or have access to Pentagon's work product.
>    5. Triman is in breach of it[]s obligations to Pentagon in an amount to be determined at trial.

(Docket Entry 3 at 7-8); and

    Pentagon alleging in its second counterclaim:

>    1. Defendant repeats and reiterates the response to the preliminary paragraphs as if same were set forth at length herein as to paragraph 1 of this counterclaim.
>    2. By continuing to possess, use and/or have access to the Pentagon software, Triman has been unjustly enriched in

an amount to be determined at trial.

(Docket Entry 3 at 8); and

Triman having moved to dismiss Pentagon's counterclaims for insufficient pleading; and

Triman arguing that Pentagon's counterclaims are too vague, conclusory, and fail to comply with the federal pleading standards; and

Pentagon arguing that its counterclaims are sufficiently pleaded because they incorporate and respond to the allegations contained in Triman's complaint, and that it does not need to restate in its counterclaims the undisputed elements of Pentagon and Triman's contract and business relationship; and

The Court noting that when considering a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations as true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005). It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under the liberal federal pleading rules, it is not necessary to plead evidence, and it is not necessary to plead all the facts that serve as a basis for the claim. Bogosian v. Gulf Oil Corp., 562 F.2d 434, 446 (3d

Cir. 1977). However, "[a]lthough the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 149-50 n.3 (1984) (quotation and citation omitted); and

The Court further noting that a district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'" Bell Atlantic v. Twombly, 550 U.S. 544, 563 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ."); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("Iqbal . . . provides the final nail-in-the-coffin for the 'no set of facts' standard that applied to federal complaints before Twombly."); and

The Court finding that even though Pentagon's counterclaims are brief, unelaborate, and untitled, they satisfy the Rule 8 pleading standard. Pentagon's first counterclaim contains "a short and plain statement" that Pentagon and Triman entered into a 5-year license agreement, Pentagon performed work for Triman, Triman stopped making payments to Pentagon even though Triman

5

still uses Pentagon's work product, and Triman is therefore in breach of that license agreement.  See Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain: . . . a short and plain statement of the claim showing that the pleader is entitled to relief.").  Pentagon's second counterclaim also contains "a short and plain statement" that Triman has been unjustly enriched by continuing to use Pentagon's software, for which Triman has ceased paying.  See id.  Pentagon demands damages in an amount to be determined at trial.  See Fed. R. Civ. P. 8(a)(3) ("A pleading that states a claim for relief must contain: . . . a demand for the relief sought, which may include relief in the alternative or different types of relief."); and

The Court also finding that Pentagon's counterclaims satisfy Twombly/Iqbal by providing enough facts to raise a reasonable expectation that discovery will reveal evidence of whether Triman breached the parties' licensing agreement or has been unjustly enriched by using Pentagon's software without remuneration.  See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (stating that the "Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element.  This 'does not impose a probability requirement at the pleading

6

stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element"); and

   The Court further finding that it is perfectly acceptable that Pentagon has pleaded alternative theories of recovery, and that it has not specifically titled its counterclaims. See Fed. R. Civ. P. 8(d)(1), (2), (3) ("Each allegation must be simple, concise, and direct. No technical form is required."), ("A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient."), ("A party may state as many separate claims or defenses as it has, regardless of consistency."); see also Marina District Development Co., LLC v. Ivey, --- F. Supp. 3d ---, 2015 WL 1137859, 12 (D.N.J. 2015) (citing Illinois Nat. Ins. Co. v. Wyndham Worldwide Operations, Inc., --- F. Supp. 3d ----, 2015 WL 381038, *9 (D.N.J. 2015) (citing Fed. R. Civ. P. 8(d)(2)) ("[A] party may plead in the alternative and prevail on one of its two theories.")); and

   The Court observing that the definition of "counterclaim," and what can be construed as Pentagon's "compulsory" counterclaims, supports the notion that Pentagon does not need to restate the factual averments contained in Triman's complaint

7

in order for its counterclaims to be sufficiently pleaded because compulsory counterclaims must be advanced if they "arise[] out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(a)(1)(a); see also Wheaton Glass Co., a Div. of Wheaton Industries v. Pharmex, Inc., 548 F. Supp. 1242, 1246 (D.N.J. 1982) (citing Moore v. New York Cotton Exchange, 270 U.S. 593, 610 (1926)) ("If there is a 'logical relationship' between the counterclaim and the main action, the counterclaim may be considered to have arisen out of the same 'transaction or occurrence,' as the one upon which the initial complaint was based and, therefore, may be deemed to be a compulsory counterclaim under Rule 13(a)."); and

    The Court finding it clear that Triman has been adequately placed on notice as to the nature of Pentagon's counterclaims;

    Therefore,

    IT IS on this   30th   day of    April         , 2015

    ORDERED that Triman's motion to dismiss Pentagon's counterclaims [6] be, and same hereby is, DENIED.


At Camden, New Jersey            s/ Noel L. Hillman
                                             NOEL L. HILLMAN, U.S.D.J.